IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS POWELL, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4065 |
| | § | |
| STRATEGIC OUTSOURCING, INC., | § | |
| *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment [Doc. # 25] filed by Defendants First Health Services Corporation and First Health Life & Health Insurance Company (collectively, "First Health"), to which Plaintiffs Dennis and Beth Powell filed a Response [Doc. # 28], and First Health filed a Reply [Doc. # 29]. Also pending is the Motion for Summary Judgment [Doc. # 30] filed by Defendant Strategic Outsourcing, Inc. ("Strategic"), in which First Health joined [Doc. # 31], to which Plaintiffs filed a Response [Doc. # 32], and to which Strategic filed a Reply [Doc. # 33].

The Court has carefully reviewed the full record in this case. Based on this review and the application of governing and other relevant legal authorities, the Court concludes that First Health and Strategic are entitled to summary judgment on

Plaintiffs' COBRA[1] claim and that Plaintiffs' state law claims are not preempted by ERISA.[2] There are no federal claims remaining in the case, there is no diversity of citizenship among the parties, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. As a result, the case will be remanded to the 280th Judicial District Court of Harris County, Texas.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Dennis Powell was employed by ESOR Consulting Engineers, Inc. ("ESOR") from September 2001 until April 1, 2006.

In December 2002, ESOR entered into a staff leasing relationship with Strategic, pursuant to which Strategic would provide payroll and other human resources services for ESOR. Pursuant to their service agreement, ESOR elected for its employees to participate in Strategic's health benefit plan, which was administered by First Health. ESOR would pay a portion of the premium for its employees and the remainder of the premium would be deducted from each ESOR employee's payroll check. The service agreement provided that if ESOR stopped participating in Strategic's health plan, no ESOR employee could continue on Strategic's plan individually. Instead, ESOR agreed to obtain new health care coverage for its

---

[1] Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161, *et seq.*

[2] Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

employees who elected to continue coverage with ESOR. The Powells enrolled in Strategic's health care plan effective January 1, 2004.

In early 2005, Strategic, allegedly at ESOR's instruction, stopped deducting premiums from ESOR employees' payroll checks. As a result, payment of the premiums for ESOR employees was in arrears and the premiums for ESOR employees were paid only through June 24, 2005.

As of September 18, 2005, Strategic and ESOR terminated their staff leasing relationship and, as of that date, none of ESOR's employees remained participants in Strategic's health care plan.

On October 24, 2005, Ms. Powell was admitted to the hospital with a life-threatening staphylococcus infection which required her hospitalization through January 5, 2006. It is undisputed that First Health pre-certified her admission to the hospital. It is also undisputed that approximately one week later, First Health advised the hospital that there was no health care coverage for Ms. Powell.

On November 2, 2005, Strategic sent a COBRA notice to Mr. Powell. In the Notice, Strategic stated that it had been "notified of [Mr. Powell's] termination of employment effective June 23, 2005" and identified this as a qualifying event for COBRA purposes. Strategic advised Mr. Powell that he was entitled to elect continued coverage through September 18, 2005, but must make that election by

January 2, 2006. Mr. Powell completed the election form and returned it to Strategic with a check for continued benefits. The Certificate of Group Health Plan Coverage provided September 18, 2005 as the date coverage ended. Strategic calculated the amount of premiums due from June 24, 2005 through September 18, 2005, deducted that amount from the check from Mr. Powell, and returned to him a check for the difference. Mr. Powell subsequently sent checks to Strategic with "Cobra" in the memo line, but Strategic returned those checks to him.

Plaintiffs filed suit in the 280th Judicial Court of Harris County, Texas, against Strategic, ESOR[3] and First Health Services Corporation. Plaintiffs asserted claims including a violation of COBRA and various state law claims. Strategic and First Health removed the case to this Court asserting federal question jurisdiction. On April 21, 2008, Plaintiffs filed a "Notice Regarding Motion to Remand" [Doc. # 14] stating that they would not be filing a Motion to Remand because the COBRA claim provided federal jurisdiction.

On June 6, 2008, Plaintiffs filed their First Amended Complaint [Doc. # 17] adding First Health Life & Health Insurance Company as a Defendant. Plaintiffs again asserted the COBRA claim and various state law claims. The parties provided

---

[3] Plaintiffs did not effect service on ESOR and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs' claims against ESOR have been dismissed without prejudice.

initial disclosures and designated expert witnesses, but they have conducted no discovery.

First Health and Strategic then moved for summary judgment, each asserting that they were entitled to summary judgment on the COBRA claim and that the state law claims were preempted by ERISA. The motions have been fully briefed and are ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336

F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported

statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

### III. COBRA CLAIM[4]

COBRA is intended "to preserve employees' medical insurance as they move from job to job and prevent the loss of insurance coverage that could accompany any changes in employment." *Lifecare Hospitals, Inc. v. Health Plus of Louisiana, Inc.*, 418 F.3d 436, 441 (5th Cir. 2005). Specifically, COBRA requires that a "qualified beneficiary who would lose coverage . . . as a result of a qualifying event" be given notice and the opportunity to elect continuation coverage. *See* 29 U.S.C. § 1161(a). The continuation coverage must extend from the date of the qualifying event until no later than the "date on which the employer ceases to provide any group health plan to any employee."[5] *See* 29 U.S.C. § 1162(2)(B). COBRA requires that notice be given to plan participants who lose coverage because of a "qualifying event." *See* 29 U.S.C. § 1166. "Qualifying events" are defined as the following:

(1)  The death of the covered employee.

---

[4]  Plaintiffs agree that First Health is entitled to summary judgment on the COBRA claim. *See* Response [Doc. # 28], ¶ 20.

[5]  There are other events listed in the COBRA statute that, if they occurred, would cause the continuation coverage to end sooner than the date on which the employer ceases to provide its employees with a health plan. *See* 29 U.S.C. § 1162(2)(A)-(E).

    (2)    The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.

    (3)    The divorce or legal separation of the covered employee from the employee's spouse.

    (4)    The covered employee becoming entitled to benefits under title XVIII of the Social Security Act.

    (5)    A dependent child ceasing to be a dependent child under the generally applicable requirements of the plan.

    (6)    A proceeding in a case under Title 11, commencing on or after July 1, 1986, with respect to the employer from whose employment the covered employee retired at any time.

29 U.S.C. § 1163. It is only when a "qualifying event" has occurred that notice and an opportunity to elect continuation coverage are required. *See* 29 U.S.C. § 1166; *Degruise v. Sprint Corp.*, 279 F.3d 333, 336 (5th Cir. 2002).

In this case, Plaintiffs have failed to present evidence that a "qualifying event" occurred that would trigger any obligation for Strategic to provide COBRA notice of the option to elect continuation coverage. Mr. Powell states in his affidavit that ESOR engaged in a sham termination in June 2005 in which ESOR terminated his employment and then immediately rehired him. *See* Affidavit of Dennis Powell, Exh. C to Plaintiffs' Response [Doc. # 28], ¶ 3. A "sham termination" is not a "qualifying event" for purposes of COBRA notification and coverage continuation requirements. It is undisputed that Mr. Powell's employment with ESOR was not terminated and

that he remained employed by ESOR without a break in service and with no reduction in hours until April 1, 2006. Consequently, there was no termination of Mr. Powell's employment that would operate as a "qualifying event" for purposes of the COBRA requirements.

Plaintiffs have failed to present evidence of a "qualifying event" required to trigger COBRA requirements for notice and continuation coverage. As a result, Strategic is entitled to summary judgment on Plaintiff's COBRA claim.

## IV. <u>ERISA PREEMPTION</u>

Strategic and First Health argue that Plaintiffs' state law claims are preempted by ERISA.[6] The state law claims are preempted by ERISA if they relate to an employee benefit plan regulated by ERISA. *See* 28 U.S.C. § 1144(A). Before addressing whether particular claims are preempted, however, the Court must first decide whether Plaintiffs could assert any claim under ERISA. *See Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1105 (9th Cir. 2007).[7] This is true because "ERISA does not

---

[6] Strategic argues that Plaintiffs have conceded that the state law claims are preempted by ERISA because they did not file a motion to remand the case to state court. Strategic's argument is without merit. On April 21, 2008, Plaintiffs filed a "Notice Regarding Motion to Remand" [Doc. # 14] stating that they were not filing a Motion to Remand because the COBRA claim provided federal jurisdiction. Plaintiffs did not concede ERISA preemption or otherwise waive their position that the state law claims were not preempted.

[7] Although the *Miller* decision from the Ninth Circuit is not binding authority, the
(continued...)

preempt the claims of parties who do not have the right to sue under ERISA because they are neither participants in nor beneficiaries of an ERISA plan." *Id.* at 1106.

"A civil action under ERISA may be brought by a 'participant' in or 'beneficiary' of an ERISA plan." *Id.* at 1105 (citing 29 U.S.C. § 1132(a)(1)). ERISA defines a "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." *Id.* at 1106 (citing 29 U.S.C. § 1002(7)). "The Supreme Court has interpreted this provision to mean that a party is a 'participant' if he is an employee in, or reasonably expected to be in, currently covered employment, or if he is a former employee who has a reasonable expectation of returning to covered employment, or [has] a 'colorable claim' to vested benefits." *Id.* (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989)). The relevant issue on whether there is a "colorable claim" to benefits is not whether Plaintiffs might recover under any cause of action, but whether Plaintiffs might recover under an ERISA claim. *See id.* at 1107 n.6.

It is undisputed that Mr. Powell is not an ESOR employee currently covered by the Strategic plan, is not reasonably expected to be employed in a position covered by

---

7    (...continued)
Court finds it to be well-reasoned and fully supported by the ERISA statute. As a result, the Court finds it to be persuasive.

the Strategic plan, and is not a former ESOR employee who has a reasonable expectation of returning to employment in a position covered by the Strategic plan.[8] Therefore, the focus is on whether Mr. Powell, a former ESOR employee, has a "colorable claim" to vested benefits under the Strategic plan. He does not. Indeed, he does not assert such a claim. Plaintiffs do not argue that they are entitled to recover benefits under the Strategic plan. Plaintiffs in fact allege that Strategic and First Health misrepresented their coverage and, in reliance on those misrepresentations, Plaintiffs incurred over $350,000.00 in medical expenses.

Plaintiffs do not assert that First Health's decision that they lacked coverage in October 2005 was incorrect, and they do not seek to recover benefits from First Health under the Strategic plan. Plaintiffs, who are not participants or beneficiaries of the Strategic plan and were not at the time the case was filed, could not have brought their state law claims under ERISA. As a result, ERISA does not preempt Plaintiffs' state law claims that Defendants misrepresented the existence of coverage.

## V.   SUPPLEMENTAL JURISDICTION

---

[8]   The Ninth Circuit held in *Miller* that "whether a living party is a 'participant' or 'beneficiary' is determined as of the time the lawsuit is filed." *Miller*, 504 F.3d at 1106. In this case, Powell did not meet the definition of a "participant" at the time his wife received medical care beginning in October 2005 or at the time the lawsuit was filed.

A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which there was original federal jurisdiction. *See* 28 U.S.C. § 1367(c)(3). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In this case, based on its consideration of the statutory and common law factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The federal claims have been dismissed. Although the case has been pending since late 2007, the state law claims are at a very early stage. The parties have conducted no discovery beyond making initial disclosures. The Court has not invested substantial judicial resources in the case. Because the COBRA and ERISA preemption issues did not require independent consideration of the state law claims, the Court has no more than a general familiarity with the substance of those claims and has not made any rulings on the state law claims that any party might attempt to relitigate following remand.

The Court has dismissed all claims over which it had original jurisdiction. Consideration of judicial economy, convenience, fairness and comity favor declining to exercise supplemental jurisdiction over these state law claims.

## VI. CONCLUSION AND ORDER

First Health and Strategic are entitled to summary judgment on Plaintiffs' COBRA claims. First Health and Strategic are not entitled to summary judgment on Plaintiffs' state law claims based on ERISA preemption because the claims are not preempted. There are no remaining federal claims, there does not exist complete diversity among the parties, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, it is hereby

**ORDERED** that First Health's Motion for Summary Judgment [Doc. # 25] and Strategic's Motion for Summary Judgment [Doc. # 30] are **GRANTED** as to Plaintiffs' COBRA claims and **DENIED** in all other respects. It is further

**ORDERED** that the case will be remanded to the 280th Judicial District Court of Harris County, Texas by separate order.

SIGNED at Houston, Texas, this **18th** day of **March, 2009**.

*Nancy F. Atlas*
United States District Judge