IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS POWELL, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4065 |
| | § | |
| STRATEGIC OUTSOURCING, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit on October 24, 2007. As of March 10, 2009, there was no evidence in the record that Plaintiffs had served Defendant ESOR Consulting Engineers, Inc. ("ESOR"). As a result, the Court ordered Plaintiffs to present evidence of service by March 17, 2009. Plaintiffs were advised that failure to comply would result in dismissal of their claims against ESOR pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiffs failed to present evidence of service on ESOR. On March 18, 2009, in accordance with the Court's prior order, Plaintiffs' claims against ESOR were dismissed. By Order entered that same day, the case was remanded to the 280th Judicial District Court of Harris County, Texas. The remand order and other relevant documents were sent to the 280th Judicial District Court on March 18, 2009, and were received by the state court on March 20, 2009.

On April 14, 2009, Plaintiffs filed a Motion for Reconsideration of the dismissal of their claims against ESOR. The mailing of a certified copy of the Court's remand order to the state court divests the district court of jurisdiction to consider motions for reconsideration or take any further action.[1] *See Browning v. Navarro*, 743 F.2d 1069, 1078-79 (5th Cir.1984); *see also Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001), *reh'g en banc denied*, 288 F.3d 234 (5th Cir. 2002); *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991). As a result, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 39] is **DENIED**. The dismissal of ESOR was without prejudice and the denial of the Motion

---

[1] Even if the Court had jurisdiction following remand, the Court would not be inclined to grant reconsideration of the Rule 4(m) dismissal. Plaintiffs state that they attempted service on ESOR through the Texas Secretary of State, who forwarded the Summons and Complaint to ESOR on September 10, 2008. The attempted service was returned marked "undeliverable." Plaintiffs' counsel states that, after the claims against ESOR were dismissed, he conducted further research and believes that the attempted service by the Texas Secretary of State was effective, citing a Texas Court of Appeals case from 1983. Plaintiffs offer no explanation for having failed to conduct the necessary research prior to March 17, 2009, when their response to the Rule 4(m) notice was due.

The Motion for Reconsideration was filed more than ten days after entry of the dismissal order and, as a result, must satisfy the requirements of Rule 60(b). *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004). Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) relief is inappropriate, however, when the proffered justification is the "inadvertent mistake" of counsel. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of the law" are also insufficient bases for Rule 60(b)(1) relief. *Id.* at 357. Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion. *See id.*

for Reconsideration does not preclude Plaintiffs from asking the state court to reinstate Plaintiffs' claims against ESOR.

SIGNED at Houston, Texas, this **17th** day of **April, 2009**.

Nancy F. Atlas
United States District Judge